IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Roderick English, #301507, | ) | C/A No.: 1:16-127-JFA-SVH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Warden Ned Longshore, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

On February 1, 2016, the undersigned issued an order directing Petitioner to provide the court with any facts that would provide a basis for the application of equitable tolling, as his habeas petition appeared to be time-barred. [ECF No. 5]. On February 22, 2016, the court received from Petitioner two responses to the court's order [ECF Nos. 8, 14], as well as two motions for extensions of time to respond to the order [ECF Nos. 7, 9]. It appears from his responses that Petitioner argues that the limitations period should be equitably tolled because: (1) his mental health treatment has been neglected; (2) he has been denied access to the courts; and (3) he suffers from memory loss due to a head injury. [ECF Nos. 8, 14]. In an abundance of caution, the undersigned grants Petitioner until March 24, 2016, to provide the court with additional reasons, if any, as to why the statute of limitations should be tolled for the approximate seven years that this petition appears to be too late.

Petitioner submitted an Application to Proceed Without Prepayment of Fees and Affidavit and a Financial Certificate, which is construed as a Motion for Leave to Proceed in forma pauperis. A review of the motion reveals that Petitioner does not have the funds to prepay the filing fee. Petitioner's Motion for Leave to Proceed in forma pauperis [ECF No. 13] is granted.

Petitioner requests that the court appoint counsel for him. [ECF No. 11]. Petitioner has no constitutional right to counsel in his federal habeas proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987) (no constitutional right to counsel beyond first appeal of right); *U.S. v. Riley*, 21 F. App'x 139, 141–42 (4th Cir. 2001); *Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995) (no constitutional right to counsel during federal habeas). The court may, in its discretion, however, appoint counsel for a habeas petitioner when "the interests of justice so require." 18 U.S.C.A. § 3006A(a)(2) (West Supp.1993); *see also Riley*, 21 F. App'x at 142. At this juncture, the court does not find that the interests of justice require the appointment of counsel. If the court elects to hold an evidentiary hearing, Petitioner may renew his motion or the court may appoint counsel sua sponte at

that time. For the foregoing reasons, Petitioner's motion to appoint counsel [ECF No. 11] is denied.

Petitioner also filed a motion requesting a stay of this case. [ECF No. 12]. Because Petitioner has not provided any basis for a stay, the undersigned denies his motion.

IT IS SO ORDERED.

February 24, 2016  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

2